ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| HÉCTOR LUIS FIGUEROA RIVERA<br><br>Parte Peticionaria<br><br><br>V.<br><br><br><br>DEPARTAMENTO DE TRASNPORTACIÓN Y OBRAS PÚBLICAS<br><br>Parte Recurrida | TA2026CE00345 | *REVISIÓN JUDICIAL* procedente del Tribunal de Primera Instancia, Sala de Dorado<br>_____<br>Caso Núm.: DO2026MU00060<br>_____<br>SOBRE:<br>LEY DE VEHÍCULOS DE TRÁNSITO DE PUERTO RICO – RECURSO DE REVISIÓN |

Panel integrado por su presidenta la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece ante nos Héctor Luis Figueroa Rivera (en adelante "Figueroa Rivera" o "peticionario") para solicitar la expedición del auto de *certiorari* a los fines de consolidar múltiples *Recursos de Revisión de Multa Administrativa de Tránsito*, presentados ante Tribunales de Primera Instancia, en los Municipios de Bayamón, Cataño, Vega Baja, Dorado, Carolina, Canóvanas y Caguas.

Por los fundamentos que exponemos a continuación, **desestimamos** el presente recurso por falta de jurisdicción, por prematuro.

-I-

En lo pertinente a la controversia que nos ocupa, entre el 9 y 10 de febrero de 2026, Figueroa Rivera presentó distintos *Recursos de Revisión de Multa*

*Administrativa de Tránsito* ante Tribunales de Primera Instancia (en adelante, "TPI") en los Municipios de Bayamón[1], Cataño[2], Vega Baja[3], Dorado[4], Carolina[5], Canóvanas[6] y Caguas[7].

El 19 de febrero de 2026, el TPI, Sala Municipal de Dorado, emitió una *Resolución Sobre Recurso de Revisión de Multa Administrativa de Tránsito*[8]. En dicha *Resolución*, desestimó el recurso de revisión por falta de jurisdicción, en cuanto a los boletos número 90342002419, 90342002420 y 90342002421.

Por su parte, el 25 de febrero de 2026, el TPI, Sala Municipal de Vega Baja notificó una *Resolución Sobre Recurso de Revisión de Multa Administrativa de Tránsito*.[9] Mediante el referido dictamen, declaró *Ha Lugar* los recursos presentados referente a los boletos número 92447005269, 92447005270, 92447005271 y 92447005272 y ordenó eliminar el gravamen anotado en el

---

[1] Caso Núm. BY2026MU00897, para revisión de la Multa Núm. 36943666 (Pág. 14 del Apéndice Núm. 3 de la Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).
[2] Caso Núm. CT2026MU00087, para revisión de las Multas Núm. 90046002590, 90046002591, 90046002592 y 90046002593 (Pág. 18 del Apéndice Núm. 2 hasta Pág. 8 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA).
[3] Caso Núm. VB2026MU00240, para revisión de las Multas Núm. 92447005269, 92447005270, 92447005271 y 92447005272 (Pág. 23 del Apéndice Núm. 3 hasta Pág. 13 del Apéndice Núm.4 de la Entrada Núm. 1 del SUMAC TA).
[4] Caso Núm. DO2026MU00060, para revisión de las Multas Núm. 90342002419, 90342002420 y 90342002421 (Pág. 1-13 del Apéndice Núm. 1 de la Entrada Núm. 1 del SUMAC TA).
[5] Caso Núm. CA2026MU01121, para revisión de las Multas Núm. 41183429, 41183430 y 41183431 (Pág. 16-28 del Apéndice Núm. 4 de la Entrada Núm. 1 del SUMAC TA).
[6] Caso Núm. CN2026MU00101, para revisión de las Multas Núm. 90049000246, 90049000247 y 90049000248(Pág. 16 del Apéndice Núm. 1 hasta Pág. 4 del Apéndice Núm. 2 de la Entrada Núm. 1 del SUMAC TA).
[7] Caso Núm. CG2026MU00572, para revisión de las Multas Núm. 90205000534 y 90205000535 (Pág. 7-15 del Apéndice Núm. 2 de la Entrada Núm. 1 del SUMAC TA).
[8] Entrada Núm. 5 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[9] Pág. 21-22 del Apéndice Núm. 3 de la Entrada Núm. 1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

registro de Vehículos de Motor y/o de la licencia de conducir del conductor.

Así las cosas, el 4 de marzo de 2026, notificada el 11 de marzo de 2026, el TPI, Sala Municipal de Bayamón, emitió su *Resolución Sobre Recurso de Revisión de Multa Administrativa de Tránsito*.[10] A través de esta, declaró *Ha Lugar* los recursos presentados referente a los boletos número 90046002590, 90046002591, 90046002592, 90046002593 y 36943666. Ordenó igualmente la eliminación del gravamen anotado.

El 19 de marzo de 2026, el peticionario acudió ante nos por medio de un recurso de *certiorari* y nos solicitó la consolidación de todos los casos de revisión de las multas administrativas de tránsito, para ser atendidos en una sola vista.

De conformidad con la facultad que nos concede la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Enmdas. Reglamento TA, 2025 TSPR 141, 217 DPR __ (2025),* optamos por prescindir de la comparecencia de la parte recurrida, para disponer de manera eficiente el asunto.

### -II-

### A

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias.[11] Es por ello que, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia.[12] Por tal razón, es norma reiterada que los tribunales son celosos

---

[10] Pág. 11-13 del Apéndice Núm. 3 de la Entrada Núm. 1 del SUMAC TA.
[11] *Allied Mgmt. Grp.,* Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[12] *Íd.*

guardianes de su jurisdicción y que tienen el deber ineludible de auscultar dicho asunto con preferencia a cualesquiera otros.[13]

De ese modo, la ausencia de jurisdicción trae varias consecuencias, tales como: (1) que no sea susceptible de ser subsanada; (2) las partes no puedan conferírsela voluntariamente a un tribunal como tampoco puede este arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso; y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.[14]

En ese sentido, en reiteradas ocasiones el Tribunal Supremo de Puerto Rico ha expresado que los tribunales tenemos el deber de proteger nuestra jurisdicción sin poseer discreción para asumirla donde no la hay.[15] A esos efectos, las cuestiones de jurisdicción son de índole privilegiada y deben ser resueltas con preferencia.[16]

Una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre".[17] Esto ocurre debido a que su presentación carece de eficacia y no produce ningún efecto jurídico, ya que en ese momento o instante en el

---

[13] *Pueblo v. Torres Medina*, 211 DPR 950 (2023).
[14] *Allied Mgmt. Group v. Oriental Bank*, *supra*.
[15] *Pueblo v. Ríos Nieves*, 209 DPR 264 (2022).
[16] *Íd*.
[17] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

tiempo todavía no ha nacido autoridad judicial o administrativa para acogerlo.[18]

En lo pertinente al asunto ante nuestra consideración, el Tribunal Supremo ha expresado lo siguiente:

> […] un recurso que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta, se conoce como un "recurso prematuro". Sencillamente, el recurso se presentó en la Secretaría antes de tiempo.
>
> Un recurso prematuro, al igual que uno tardío, priva de jurisdicción al tribunal al cual se recurre. No obstante, existe una importante diferencia en las consecuencias que acarrea cada una de estas desestimaciones. Desestimar un recurso por ser tardío priva fatalmente a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. En cambio, la desestimación de un recurso por prematuro le permite a la parte que recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración.[19]

En estos casos, si se carece de jurisdicción, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia. Esto es, procede la inmediata desestimación del recurso apelativo según lo ordenado por las leyes y los reglamentos para el perfeccionamiento de estos recursos.[20]

Finalmente, la Regla 83 (B) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B) y (C). disponen lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> […]
>
> (C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

---

[18] *Íd.*

[19] *Yumac Home v. Empresas Massó,* 194 DPR 96, 107 (2015).

[20] *Íd.; S.L.G. Szendrey-Ramos v. F. Castillo*, supra, pág.883.

**B**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal de menor jerarquía.[21] En lo sustantivo, se le considera un recurso extraordinario, mediante el cual un foro revisor está facultado para enmendar los errores que cometió el foro revisado, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley".[22]

**-III-**

En el caso de epígrafe, el peticionario acude ante esta Curia mediante una petición de *certiorari* y nos solicita la consolidación de unos casos de revisión de multas administrativas de tránsito. Dichos casos de revisión fueron presentados en Tribunales de Primera Instancia de distintos Municipios en Puerto Rico. A saber, Bayamón, Cataño, Vega Baja, Dorado, Carolina, Canóvanas y Caguas.

Ahora bien, el peticionario no ha solicitado frente a ninguno de los foros primarios antes mencionados la consolidación de los casos de revisión. Como mencionamos anteriormente, el auto de *certiorari* es un recurso extraordinario, que tiene como propósito revisar una decisión de un tribunal de menor jerarquía.

En este caso, no hay una decisión de ningún tribunal de menor jerarquía revisable por este foro, en cuanto a la solicitud que nos hace el peticionario. Ello, ya que para este tribunal poder revisar una decisión sobre la consolidación de los casos de revisión, el peticionario

---

[21] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[22] Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491.

primero debió hacer una petición a esos efectos, frente a cualquiera de los foros primarios, lo cual no hizo. El peticionario acudió ante este foro de manera prematura.

Por lo que, este tribunal carece de jurisdicción para atender el recurso de epígrafe y ante ello, solo procede la **desestimación** del mismo.

-IV-

Por los fundamentos antes expuestos, se **desestima** el recurso presentado por falta de jurisdicción, por prematuro.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*